Case 4:19-cv-03197   Document 24   Filed on 07/21/21 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
July 21, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DONNA W. WEISHEIT, | § |
| Plaintiff, | § § § |
| VS. | §  CIVIL ACTION NO. 4:19-CV-3197 |
| DOLGENCORP OF TEXAS, INC., | § § § |
| Defendant. | § § |

## ORDER

Pending before the Court is the Defendant DolgenCorp of Texas, Inc.'s ("Dolgen") Motion for Summary Judgment. (Doc. No. 19). The Plaintiff Donna W. Weisheit ("Weisheit") did not file a response. After considering the motion, brief, evidence, if any, and applicable law, the Court hereby grants the motion.

### I. Background

This is a slip-and-fall case. Dolgen operates Dollar General stores across Texas. Weisheit allegedly injured herself in a Dollar General. She alleges that she "was walking through the [Dollar General] store when she came around a corner of a table and slipped on a liquid that was on the floor." (Doc. No. 1-1 at 5). Weisheit filed suit against Dolgen in Texas state court and Dolgen removed to this Court based on diversity jurisdiction. It has now moved for summary judgment.

### II. Legal Standard

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*,

485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)). Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the Court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248.

Local Rules 7.3 and 7.4 of the Southern District of Texas state that a response to a motion will be submitted to the judge within 21 days after filing and that the failure to respond will be taken "as a representation of no opposition." Weisheit did not file a response before the submission date. Therefore, the local rules would allow the Court to grant Dolgen's motion as it should be considered unopposed. Nevertheless, the Fifth Circuit has explained that, although it "has recognized the power of district courts to 'adopt local rules requiring parties who oppose motions to file statements of opposition,'" it has not "'approved the automatic grant, upon failure to comply with such rules, of motions that are dispositive of the litigation.'" *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) (quoting *John v. Louisiana*, 757 F.2d 698, 709 (5th Cir. 1985)). A motion for summary judgment is such a dispositive motion; consequently, the Court will consider the merits of Dolgen's motion.

### III. Analysis

Under Texas law, the elements of a premises liability claim are: (1) actual or constructive knowledge of some condition on the premises by the owner/operator; (2) that the condition posed an unreasonable risk of harm; (3) that the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and (4) that the owner/operator's failure to use such care proximately caused the plaintiff's injuries. *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992). The first element—notice—is satisfied by "establishing that (1) the defendant placed the substance on the floor, (2) the defendant actually knew that the substance was on the floor, or (3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it." *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002).

Here, Dolgen argues that Weisheit cannot satisfy the notice element because she has no evidence of notice, and that Dolgen is therefore entitled to judgment as a matter of law. *See Celotex*, 477 U.S. at 323. Weisheit pleaded in her state court petition that Dolgen "either created the condition and/or failed to correct the condition." (Doc. No. 1-1 at 5). Weisheit, however, has brought forth no evidence that Dolgen had notice of any unsafe condition—an essential element of her claim. Therefore, Weisheit has not met her summary judgment burden to demonstrate that there is a genuine dispute of material fact as to the notice element. *See Celotex*, 477 U.S. at 324. Accordingly, summary judgment is appropriate.

## IV. Conclusion

For the foregoing reasons, the Court hereby grants Dolgen's motion for summary judgment. (Doc. No. 19).

Signed this 21st day of July 2021.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE